# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:10CR19-JRG |
| vs. | § | |
| | § | |
| | § | |
| JAMES MICHAEL FORTIN (1) | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant James Michael Fortin's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 1 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 5 months of imprisonment to be followed by 4 years of supervised release.

*Background*

After pleading guilty to the offense of possession of material involving the sexual exploitation of minors, a Class C felony, Defendant was sentenced on November 2, 2010, by the Honorable Michael H. Schneider, United States District Judge, to 69 months of imprisonment to be followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, sex offender registration, sex offender treatment program, no unsupervised contact of any kind with children under the age of 18, a prohibition against possessing or viewing sexually explicit images, a requirement to allow a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or

1

data storage devices, a requirement to allow software designed to monitor computer activities installed on any computer the defendant is authorized to use, a prohibition against circumventing the monitoring software, a requirement to advise anyone in the household of computer monitoring, a requirement to disclose all on-line account information, and a $100 special assessment. The offense carried a statutory maximum imprisonment term of 10 years and the guideline imprisonment range, based on a total offense level of 29 and a criminal history category of I, was 87 to 108 months. The court imposed a sentence below the advisory sentencing guideline range. Defendant completed his term of imprisonment and began serving his term of supervised release on April 2, 2015.

On June 22, 2016, Defendant's conditions were modified to include that the defendant shall allow the U.S. Probation Office to install software on a computer, cellular telephones, tablets, or any other device that is capable of communicating data via a modem, wireless, or dedicated connection, that is designed to monitor activities on any device the defendant is authorized to use, which may include, but is not limited to, software that may record any and all activity on the device the defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, pictures, and chat conversations, and that the defendant shall pay any costs related to the monitoring of his computer or authorized device usage. The case was reassigned to Chief Judge Rodney Gilstrap on February 26, 2018.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on March 21, 2018, United States Probation Officer Deborah K. White alleges that Defendant violated the following conditions of release:

**Allegation 1** (special condition): The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children. It is alleged that on January 25, 2018, during his group sex offender counseling meeting, the defendant admitted he viewed a pornographic video sometime between September 1, and December 1, 2017. The video was described as being a nude adult female masturbating alone. On January 31, 2018, Mr. Fortin admitted in writing to viewing sexually explicit conduct while using his PlayStation to access the Internet. It is also alleged that on March 13, 2018, Mr. Fortin admitted that he viewed an additional 20 short clips of pornographic material that were 5–10 seconds in length between September 1, and December 1, 2017.

**Allegation 2** (special condition): The defendant shall not attempt to remove, tamper with, or in any way circumvent the monitoring software. It is alleged that on January 31, 2018, during an administrative hearing, Mr. James Fortin admitted to using his "hotpot" feature on his cell phone to sync an unmonitored and unapproved device, a PlayStation, in order to gain access to the Internet. Through this connection and unauthorized device, he viewed a sexually explicit video. Mr. Fortin stated that he cannot remember the specific date of the violation; however, he did state that the incident occurred sometime between September 1, and December 1, 2017, and he only accessed the Internet with this device on that specific occasion. Mr. Fortin stated he was scared and he did not trust himself so he took the PlayStation and discarded it in a dumpster approximately 20 miles away from his residence. This was in an attempt to circumvent the monitoring software and the U.S. Probation Office's ability to confirm his conduct.

**Allegation 3** (standard condition 2): The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. It is alleged that on January 25, 2018, Mr. Fortin admitted to his sex offender counselor, the group participants, and his U.S. Probation Officer, that he viewed a pornographic video of an adult nude female masturbating. On January 31, 2018, Mr. Fortin admitted to submitting a false monthly report for one of the months near the end of 2017, by stating that he had not viewed pornography when in fact he had viewed pornography sometime between September 1, and December 1, 2017. It is also alleged that on January 26, 2018, Mr. Fortin failed his maintenance polygraph examination when it appeared he was deceptive regarding his viewing of pornographic material since his last maintenance polygraph test.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was I.  The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.  U.S.S.G. § 7B1.4(a).

*Hearing*

On April 25, 2018, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Allen Hurst announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Ken Hawk, for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 5 months of imprisonment to be followed by 4 years of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 in the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 5 months of imprisonment to be followed by 4 years of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 5 months of imprisonment to be followed by 4 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 5 months of imprisonment to be followed by 4 years of supervised release and with a recommendation to the Bureau of Prisons to designate Defendant to FCI Seagoville.

So ORDERED and SIGNED this 25th day of April, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE